IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Alice R. Cabana, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No.: 20-1338-TMH |
| STATE OF DELAWARE | ) |
| DEPARTMENT OF INSURANCE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**<u>MEMORANDUM OPINION</u>**

Ronald G. Poliquin, THE POLIQUIN FIRM, LLC, Dover, DE, attorney for Plaintiff Alice R. Cabana

Kathleen Furey McDonough, Carla M. Jones, Jennifer Penberthy Buckley, POTTER ANDERSON & CORROON LLP, Wilmington, DE, attorneys for Defendant the State of Delaware Department of Insurance

April 23, 2021
Wilmington, Delaware

**HUGHES, UNITED STATES CIRCUIT JUDGE, SITTING BY DESIGNATION:**

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (D.I. 15). For the reasons below, the Court will grant Defendant's Motion.

**I.      BACKGROUND**

Plaintiff Alice R. Cabana filed this action on October 2, 2020, against the State of Delaware Department of Insurance (DOI) alleging retaliation in violation of Title VII.[1]

Ms. Cabana has been employed by the DOI as an administrative officer since June 1997. D.I. 14 ¶ 7–8. Trinidad Navarro was first elected as Commissioner of the Department of Insurance in November 2016. *Id.* ¶ 9. In her complaint, as amended on February 24, 2021, Ms. Cabana alleges that Commissioner Navarro was determined to employ those he had once worked with at the New Castle County Sheriff's office and who "he deemed loyal and trustworthy to his election." *Id.* ¶ 10. Ms. Cabana's complaint describes an alleged campaign of unlawful discrimination and retaliation undertaken by Defendant against another employee of the DOI, Jenifer Vaughn. *Id.* ¶¶ 12–16. Ms. Vaughn's complaint alleging unlawful discrimination and retaliation is also before this Court in a separate case. *See Vaughn v. State of Del. Dept. of Ins., et al.*, Case No. 1:19-cv-02314-TMH (D. Del. 2019).

---

[1] Ms. Cabana claims that she filed a Charge of Discrimination in December 2019 and that in July 2020, the Equal Employment Opportunity Commission issued Ms. Cabana a Right to Sue Notice regarding that Charge. D.I. 14 ¶¶ 5–6. Ms. Cabana states that she included the notice as an exhibit to her complaint. *Id.* ¶ 6. However, Ms. Cabana attached her Right to Sue Notice issued by the Delaware Department of Labor, which allows her to file a suit in Delaware Superior Court. D.I. 14, Ex. 1. Nonetheless, Ms. Cabana sufficiently pled that she received her Right to Sue Notice from the EEOC, and Defendant did not raise a challenge to Ms. Cabana's exhaustion of administrative remedies. *See Fort Bend Cnty., Texas v. Davis*, 139 S. Ct. 1843, 1849–52; *Hildebrand v. Allegheny Cnty.*, 757 F.3d 99, 111–12 (3d Cir. 2014).

Ms. Cabana claims that Commissioner Navarro and Chief of Staff Stuart Snyder began undermining Ms. Vaughn, who was DOI's Controller and Director of Human Resources. D.I. 14 ¶ 11–12. Ms. Cabana alleges that Ms. Vaughn clashed with Commissioner Navarro and Mr. Snyder over the investigation of DOI employee Fleur McKendell. *Id.* ¶¶ 13–14. Ms. Cabana alleges that this retaliation against Ms. Vaughn led to Ms. Vaughn filing a Charge of Discrimination, and that it was known by Defendant that Ms. Cabana "had knowledge of and was openly supportive of Vaughn with respect to her charge of discrimination against Snyder and Navarro." *Id.* ¶¶ 16–17. Ms. Cabana also alleges that at a meeting, she openly opposed Mr. Snyder's decision to revoke access to Human Resources files from Ms. Vaughn and her staff, and that she gave examples to Commissioner Navarro of why Ms. Vaughn needed access to the files. *Id.* ¶¶ 37–39

Ms. Cabana claims that in August 2019, she was called into a meeting with Mr. Snyder and Human Resources Tech Elizabeth Morgan, where she was asked whether she had used another employee's login information to access the First State Financial System (FSF). *Id.* ¶¶ 20–21. She admitted that she had accessed FSF on numerous occasions with Ms. Vaughn's login and password, and she was suspended without pay after the meeting. *Id.* ¶¶ 21*–24.[2]

Ms. Cabana alleges that at the time she was suspended, Ms. Vaughn had a pending Charge of Discrimination against DOI and that Ms. Cabana supported Ms. Vaughn's Charge of Discrimination. *Id.* ¶¶ 31–32. She alleges that the reason for her investigation and later suspension was her support of Ms. Vaughn's Charge of Discrimination against Mr. Snyder and Commissioner Navarro. *Id.* ¶ 30.

---

[2]    There are two paragraphs numbered 21 in Ms. Cabana's First Amended Complaint. 21* is used to denote the second of the two paragraphs.

## II.  LEGAL STANDARD

When presented with a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), district courts conduct a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id.* at 210–11. During this step, the court must draw all reasonable inferences in favor of the non-moving party but need not accept as true "unsupported conclusions and unwarranted inferences." *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997). Second, the court determines "whether the facts alleged in the complaint are sufficient to show . . . a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In essence, the complaint "must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of the plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

## III.  DISCUSSION

Title VII prohibits retaliation against an employee because she "opposed" any practice made unlawful under Title VII (the opposition clause) or "participated in any manner in an investigation, proceeding, or hearing under" Title VII (the participation clause). 42 U.S.C. § 2000e-3. A retaliation claim may survive a motion to dismiss "if [the plaintiff] pleads sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) she engaged in conduct protected by Title VII; (2) the employer took

adverse action against her; and (3) a causal link exists between her protected conduct and the employer's adverse action." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). Defendant argues that Ms. Cabana's complaint fails to plead sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence that she engaged in conduct protected by Title VII or that there is a causal link between her protected conduct and the adverse action. For the reasons discussed below, the Court agrees and grants Defendant's Motion to Dismiss Ms. Cabana's First Amended Complaint.

  A. <u>Protected Conduct</u>

First, the Court notes that under either the opposition clause or the participation clause, "the employee must hold an objectively reasonable belief, in good faith, that the activity they oppose is unlawful under Title VII." *Moore v. City of Philadelphia*, 461 F.3d 331, 341 (3d Cir. 2006). Ms. Cabana's First Amended Complaint lacks allegations that she believed Ms. Vaughn was being discriminated against because she is a member of a protected class. She does allege that she attended meetings where Mr. Snyder was "aggressive towards" Ms. Vaughn and that she "openly opposed Snyder's retaliation against Vaughn." D.I. 14 ¶¶ 36–37. The Court draws from these allegations the reasonable inference that Ms. Cabana believed Ms. Vaughn was being unlawfully retaliated against for her opposition to Defendant's alleged discrimination against Ms. McKendell.

Defendant argues that Ms. Cabana's actions cannot fall under either the opposition clause or the participation clause. As to the participation clause, Defendant argues that Title VII protects an individual who "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing," 42 U.S.C. § 2000e-3(a), but that Ms. Cabana has failed to allege any facts sufficient to show that she participated in investigations of Ms. Vaughn's Charge

4

in any way. And because Ms. Cabana did not address Defendant's arguments about the participation clause in her Answering Brief, Defendant argues that she has waived that issue. As to the opposition clause, Defendant argues that although "expressing support" of a co-worker's charge of discrimination can amount to opposition, *Barber v. CSX Distribution Servs.*, 68 F.3d 694, 702 (3d Cir. 1995), such an expression "must not be equivocal." *Moore*, 461 F.3d at 341.

This Court agrees that Ms. Cabana waived or abandoned her participation clause argument. In its opening brief, Defendant explicitly argued that Ms. Cabana failed to allege that she engaged in conduct protected by the participation clause of Title VII's anti-retaliation provision. D.I. 16 at 7–9. Ms. Cabana did not respond to or address these arguments in her Answering Brief. She lists "numerous examples of Cabana's opposition to the retaliation/discrimination against Vaughn," D.I. 17 at 5, and argues that "she openly opposed discriminatory practices of the Department's executive staff under Navarro's administration," *id.* at 8, but nowhere does she address the arguments Defendant raised specifically about the participation clause. As a result, this Court finds her claim about the participation clause waived. *See Lawlor v. ESPN Scouts*, LLC, 2011 WL 675215 (D.N.J. 2011) ("Where an issue of fact or law is raised in an opening brief, but it is uncontested in the opposition brief, the issue is considered waived or abandoned by the non-movant.") (citing *Conroy v. Leone*, 316 Fed. App'x 140, 144 n.5 (3d Cir. 2009)).

Even were her argument not waived, however, Ms. Cabana's First Amended Complaint does not sufficiently plead facts to show that discovery will reveal evidence that she participated in any investigation regarding Ms. Vaughn's Charge. She alleges that it was well known by Defendant that she supported Ms. Vaughn's Charge of Discrimination. D.I. 14 ¶¶ 17, 32. She also alleges that she was a confidant of Ms. Vaughn's, that she regularly conversed and exchanged information with Ms. Vaughn about her "conflict with the current DOI administration," that she

5

"would provide facts to support Vaughn's Charge of Discrimination," and that she "was a witness who could refute DOI's allegations regarding Vaughn's job performance and thus support Vaughn's Charge of Discrimination." *Id.* ¶¶ 18, 33–35. Missing from these allegations is any statement that Ms. Cabana participated in or assisted with Ms. Vaughn's Charge in any way. As in *Lehmann v. Aramark Healthcare Support Services, LLC*, "there are no allegations that plaintiff affirmatively expressed [her] intention to participate in" Ms. Vaughn's Charge. 630 F. Supp. 2d 388, 394 (D. Del. 2009). Because Ms. Cabana's alleged role in Ms. Vaughn's charge was "entirely passive," her claims cannot be sustained based on protected participation. *Id.* at 395.

The Third Circuit requires that for an action to be covered by the opposition clause, such opposition "must identify the employer and the practice—if not specifically, at least by context." *Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc.*, 450 F.3d 130, 135 (3d Cir. 2006) (citing *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 701–02 (3d Cir. 1995)). "When deciding whether a plaintiff has engaged in opposition conduct, we look to the message being conveyed." *Id.* But "there is no hard and fast rule as to whether the conduct in a given case is protected." *Id.*

Here, this Court finds that Ms. Cabana has not alleged sufficient facts to show that discovery will reveal evidence that she opposed an unlawful practice under Title VII. She alleges that she "openly pushed back against Snyder taking away Vaughn's duties and responsibilities in Human Resources as it was retaliation for Vaughn's Charge of Discrimination" and "gave examples to Navarro as to why Vaughn needed access to HR records." D.I. 14 ¶¶ 38–39. She also alleges that "it was well known by Defendant that [she] had knowledge of and was openly supportive of Vaughn with respect to her charge of discrimination." *Id.* ¶ 17. She does not allege that she actually conveyed her view that the change in Human Resources duties and responsibilities constituted retaliation or that she ever made "an affirmative expression of support" of Ms.

6

Vaughn's Charge of Discrimination. *See Lehmann*, 630 F. Supp. 2d at 393. The Court thus concludes that Ms. Cabana has failed to allege sufficient factual matter to show that she opposed an unlawful practice under Title VII.

### B. Causal Connection

To show that a causal link exists between her protected conduct and the employer's adverse action, an employee "must establish that [her] . . . protected activity was a but-for cause of the alleged adverse action by the employer." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013). The Third Circuit has held that "temporal proximity between the employee's protected activity and the alleged retaliatory action may satisfy the causal link element of a prima facie retaliation claim, at least where the timing is unusually suggestive of retaliatory motive." *Shaner v. Synthes*, 204 F.3d 494, 505 (3d Cir. 2000) (internal quotation marks omitted). But "the mere fact that adverse employment action occurs after a complaint will ordinarily be insufficient to satisfy the plaintiff's burden of demonstrating a causal link between the two events." *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1302 (3d Cir. 1997).

Defendant argues that even if Ms. Cabana had engaged in protected conduct, she has not pled sufficient facts to show a causal link between that activity and the employer's adverse action. The Court agrees. Ms. Cabana alleges that her suspension and subsequent termination was retaliation for her support of Ms. Vaughn and that this can be inferred based on the timing of the investigation into her use of Ms. Vaughn's FSF login and password. D.I. 14 ¶ 48. But Ms. Cabana's suspension occurred more than a year after Ms. Vaughn filed her Charge.[3] In addition, Ms. Cabana

---

[3] In her First Amended Complaint, Ms. Cabana alleges that her suspension occurred less than a month after Ms. Vaughn filed her Charge. D.I. 14 ¶ 19. Yet she also states that Ms. Vaughn's Charge was filed in July 2018, and that her suspension occurred on August 13, 2019. *Id.* ¶¶ 18–22. Therefore, the Court reasons that the "less than a month" statement was an error, and that the suspension occurred one year and one month after Ms. Vaughn

fails to allege when any specific events in which she showed her support for Ms. Vaughn occurred, and thus no temporal connection can be inferred.

Ms. Cabana also alleges that she used Ms. Vaughn's login and password "on numerous prior occasions without objection from the Department's executive staff," and that she did so with no negative repercussion even following Commissioner Navarro's election D.I. 14 ¶ 24, 47. However, she fails to allege that anyone at DOI other than Ms. Vaughn knew about her use of Ms. Vaughn's login and password. The inference that Ms. Cabana asks this Court to draw, that her suspension and termination resulted from her support of Ms. Vaughn and not her alleged misuse of another's login and password to access FSF, is unreasonable. This Court therefore finds that Ms. Cabana has not alleged sufficient facts to raise a reasonable expectation that discovery will reveal evidence of a causal connection between her alleged protected conduct and Defendant's adverse action.

## IV.     CONCLUSION

For these reasons, the Court grants Defendant's' motion to dismiss Ms. Vaughn's complaint. An appropriate order will follow.

---

filed her Charge. Ms. Vaughn did file a second charge with the EEOC in September 2019, see *Vaughn*, Case No. 1:19-cv-02314-TMH, ECF # 6 ¶ 5, but that was after Ms. Cabana was suspended.